

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

---

Vincent D. Romano
Assistant U.S. Attorney
USAO #2024R00212

970 Broad Street, 7th floor

Newark, New Jersey 07102

973-645-2700

August 16, 2024

**VIA EMAIL**

Claressa L. Lowe, Esq.
Assistant Federal Public Defender
Office of the Federal Public Defender
District of New Jersey
1002 Broad Street
Newark, New Jersey 07102

24-cr-697 EP

      Re:    <u>Plea Agreement with Timothy Alan Blank</u>

Dear Counsel:

      This letter sets forth the plea agreement between your client Timothy Alan Blank ("BLANK"), and the United States Attorney for the District of New Jersey ("this Office") and supersedes all previous offers. **This offer will expire on August 30, 2024, if it is not accepted in writing by that date.** If BLANK does not accept this plea agreement, his sentencing exposure could increase beyond what is discussed in this plea agreement as a result of this Office's investigation.

<u>Charge</u>

      Conditioned on the understandings specified below; this Office will accept a guilty plea from BLANK to an Information, which charges BLANK with knowingly and intentionally possessing with intent to distribute a quantity of a mixture and substance containing a detectable amount of fentanyl, a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). If BLANK enters a guilty plea and is sentenced on this charge and otherwise fully complies with this agreement, this Office will not initiate any further criminal charges against BLANK for his role in possessing with intent to distribute fentanyl on or about March 8, 2024, in Bergen County, in the District of New Jersey, and elsewhere.

      But if a guilty plea in this matter is not entered for any reason or a guilty plea or judgment of conviction entered in accordance with this agreement does not remain in full force and effect, this Office may reinstate any dismissed charges and initiate any other charges against BLANK, even if the applicable statute of

limitations period for those charges expires after BLANK signs this agreement, and BLANK agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C) to which BLANK agrees to plead guilty in the Information carries a statutory maximum prison sentence of 20 years, and a statutory maximum fine equal to the greatest of: (1) $1,000,000, (2) twice the gross profits or other proceeds to BLANK, or (3) twice the gross loss to someone other than BLANK. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon BLANK is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence BLANK ultimately will receive.

Further, in addition to imposing any other penalty on BLANK, the sentencing judge as part of the sentence:

(1) will order BLANK to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2) may order BLANK to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3) must order forfeiture, pursuant to 21 U.S.C. § 853;

(4) may deny BLANK certain statutorily defined benefits, pursuant to 21 U.S.C. §§ 862 and 862a; and

(5) pursuant to 21 U.S.C. § 841, must require BLANK to serve a term of supervised release of at least three years, which will begin at the expiration of any term of imprisonment imposed. Should BLANK be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, BLANK may be sentenced to not more than two years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without

credit for time previously served on post-release supervision and may be sentenced to an additional term of supervised release.

### Forfeiture

As part of his acceptance of responsibility, BLANK agrees to forfeit to the United States, pursuant to 21 U.S.C. § 853, any and all property constituting or derived from any proceeds obtained directly or indirectly as a result of the offense charged in the Information and any and all property used or intended to be used in any manner or part to commit and to facilitate the commission of such offense (the "Forfeitable Property").

BLANK further consents to the administrative and/or civil judicial forfeiture of the Forfeitable Property pursuant to 21 U.S.C. § 881 and/or 18 U.S.C. § 981(a). BLANK agrees that he will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Forfeitable Property and will not cause or assist anyone else in doing so. To the extent BLANK has filed a claim or petition in any administrative or civil judicial forfeiture proceeding involving the Forfeitable Property, such claims or petitions are hereby deemed withdrawn. BLANK further agrees to take all necessary steps to pass clear title to the Forfeitable Property to the United States, including, but not limited to, the surrender of such property to the United States Marshals Service and the execution of all necessary documentation.

BLANK waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, the defendant consents to the entry of a Consent Judgment of Forfeiture that will be final as to the defendant prior to the defendant's sentencing. BLANK understands that criminal forfeiture pursuant to 21 U.S.C. § 853 is part of the sentence that may be imposed in this case and waives any failure by the court to advise him of this pursuant to Rule 11(b)(1)(J) of the Federal Rules of Criminal Procedure at the guilty plea proceeding. It is further understood that any forfeiture of BLANK's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon him in addition to forfeiture. BLANK hereby waives any and all claims that this forfeiture constitutes an excessive fine and agrees that this forfeiture does not violate the Eighth Amendment.

### Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on BLANK by the sentencing judge. This Office may also correct any misstatements relating to the

sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of BLANK's activities and relevant conduct with respect to this case.

### Stipulations

This Office and BLANK will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

### Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and BLANK waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

### Immigration Consequences

BLANK understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in his being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. BLANK understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. BLANK wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of

this plea, even if this plea will cause his removal from the United States. BLANK understands that he is bound by this guilty plea regardless of any immigration consequences. Accordingly, BLANK waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. BLANK also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

      This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

      This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against BLANK. So, this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

      No provision of this agreement shall preclude BLANK from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

## No Other Promises

This agreement constitutes the entire plea agreement between BLANK and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

PHILIP R. SELLINGER
United States Attorney

*Vincent D. Romano*

By:    VINCENT D. ROMANO
Assistant U.S. Attorney

APPROVED:

ELAINE K. LOU
Deputy Chief, Criminal Division

I have received this letter from my attorney, Claressa L. Lowe, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:

*(signature)*                                    Date: 8/22/24
Timothy Alan Blank

I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

*(signature)*                                    Date: 8/22/24
Claressa L. Lowe, Esq.
Counsel for Defendant Timothy Alan Blank

<u>Plea Agreement with Timothy Alan Blank ("BLANK")</u>

Schedule A

1.   This Office and BLANK agree to stipulate as follows:

      a. The offense set forth in the Information involved at least 4 kilograms but less than 12 kilograms of fentanyl, a Schedule II controlled substance.

2.   Neither party will argue for a term of imprisonment below 96 months or above 120 months (the "Stipulated Sentencing Range"). The parties agree that a term of imprisonment within the range of 96 to 120 months is reasonable taking into account all of the factors under 18 U.S.C. § 3553(a). The parties recognize, however, that the Stipulated Sentencing Range will not bind the District Court.

3.   If the District Court imposes a term of imprisonment consistent with the Stipulated Sentencing Range:

      a. This Office will not appeal any component of that sentence. The term "any component of that sentence" means the term of imprisonment, the term (and conditions) of supervised release, any fine, any restitution, any forfeiture, and the special assessment.

      b. BLANK will not challenge his conviction for any reason by any means, other than ineffective assistance of counsel, and he will not challenge or seek to modify any component of his sentence for any reason by any means, other than ineffective assistance of counsel. The term "any means" includes, but is not limited to, a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the sentence under 18 U.S.C. § 3582(c)(1) or (2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), or any other motion, however captioned, that seeks to attack or modify the judgment of conviction or any component of the sentence.

      c. These waiver provisions, however, do not apply to:

           i. Any component of the sentence that is below an applicable statutory minimum penalty or above an applicable statutory maximum penalty for BLANK's offense of conviction;

           ii. Any proceeding to revoke the term of supervised release;

           iii. A motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A);

       iv. An appeal from the denial of a motion for a reduction of the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A) on the grounds that the court erred in finding that there were no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances in denying the motion as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).

    4. Lastly, the parties have stipulated to certain facts above. The parties recognize that none of those stipulations bind the District Court. Furthermore, neither party will challenge at any time, using any means, the District Court's acceptance of a stipulated fact.